**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSVALDO R. GONZALEZ, | ) NO. CV 11-6876-ABC (SS) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND ORDER DISMISSING** |
| M. LIBATIQUE, et al., | ) **COMPLAINT WITH LEAVE TO AMEND** |
| Defendants. | ) |

**I.**

**INTRODUCTION**

On July 6, 2011, plaintiff Osvaldo R. Gonzalez ("Plaintiff"), a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") against various defendants. For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

1   Congress mandates that district courts perform an initial screening
2   of complaints in civil actions where a prisoner seeks redress from a
3   governmental entity or employee.  28 U.S.C. § 1915A(a).  This Court may
4   dismiss such a complaint, or any portions thereof, before service of
5   process if it concludes that the complaint (1) is frivolous or
6   malicious, (2) fails to state a claim upon which relief can be granted,
7   or (3) seeks monetary relief from a defendant who is immune from such
8   relief.  28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d
9   1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

## II.

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that the following six named defendants violated his civil rights: (1) Parole Agent Mark Libatique, badge no. 5749 ("Agent Libatique"); (2) California Department of Corrections and Rehabilitation Secretary, Matthew Cate ("Secretary Cate"); (3) Hearing Officer, R. Wagner("Officer Wagner"); (4) Los Angeles County Sheriff, Leroy Baca ("Sheriff Baca"); (5) Parole Agent T. White, badge no. 5749-DAPO ("Agent White"); and (6) Parole Agent Tranisha Tate, badge no. 4404 ("Agent Tate") (collectively, "Defendants").  (Complaint at 3-3a). Plaintiff is suing Defendants in their individual and official capacities.  (Id.).

Although Plaintiff's allegations are unclear, the Complaint appears to allege five interrelated claims arising from Plaintiff's arrest stemming from a parole violation.  (Complaint at 5).  First, Plaintiff alleges that his "first amendment rights to petition the governmen [sic]

1 for redress of habeas corpus and grievances, lawsuit" were violated.
2 (Id.).  Second, Plaintiff alleges that his "first amendment rights to
3 access the courts, file lawsuit and habeas petition" have been violated.
4 (Id.).   Third, Plaintiff claims his "fourteenth amendment rights to
5 equal protection under the law" have been violated. (Id.).  Fourth,
6 Plaintiff alleges that his "rights under the fourteenth
7 amendment-retaliation threats if testify at parole hearing" have been
8 violated.  (Id.).  Fifth, Plaintiff alleges his "first amendment
9 rights-retaliation and threats of retaliation if he participate [sic]
10 in parole hearing" have been violated.  (Id.).

12     Plaintiff alleges that Defendants Agent Libatique, Agent Tate,
13 Agent White, Secretary Cate, and Officer Wagner authorized Plaintiff's
14 arrest and placed Plaintiff in county jail. (Id.).  Plaintiff claims
15 that at the time of his arrest he was in possession of several legal
16 documents pertaining to a pending civil rights case Plaintiff had filed
17 in the Fifth Circuit Court of Appeals.  (Id.).  Plaintiff alleges that
18 among those papers was "a rough appellate brief that the [P]laintiff was
19 working on, potential exhibits and other important documents" concerning
20 Plaintiff's filed claim.  (Id. at 5a).  Plaintiff claims he notified
21 Agent Tate that he "needed those papers."  (Id.).  Plaintiff alleges
22 Agent Tate reached inside Plaintiff's duffel bag, grabbed a handful of
23 papers, and subsequently left them on her own desk.  (Id.).  Defendants
24 then transported Plaintiff to the Los Angeles County Jail, where
25 Plaintiff alleges Defendants then deposited the rest of Plaintiff's
26 papers, although it is unclear where the papers were left.  (Id.).
27 Plaintiff asserts he requested access to the above mentioned papers
28 "several times," but was unsuccessful at obtaining his papers during the

3

duration of his fifty-day stay at the Los Angeles County Jail before being transferred to state prison. (<u>Id.</u> at 5-5a). Plaintiff claims "[h]e has been unable to find out what happened to that case, and his papers." (<u>Id.</u> at 5a).

Plaintiff alleges Defendants Agent Libatique, Sheriff Baca, Agent Tate, Secretary Cate, Officer Wagner, and Agent White "housed Plaintiff, a State Prison Inmate, in the Los Angeles County Jail, knowing that doing so would deprive him of access to habeas corpus and civil rights forms. They also knew he would be deprived access to CDCR [California Department of Corrections and Rehabilitation] 602 and BPH [Board of Parole Hearings] grievances and complaint forms." (<u>Id.</u>). Further, "these [D]efendants also knew that Plaintiff would be deprived of access to the courts, and be subject to deprivation of law library, law books, case law and copying services." (<u>Id.</u>).

Plaintiff claims he was in the process of filing a habeas corpus petition in state court "challenging the special conditions of parole" which Plaintiff was accused of violating and which ultimately led to his incarceration. (<u>Id.</u>). Plaintiff alleges that, due to Defendants' actions, he could not find the particular forms to file the above mentioned habeas corpus petition. (<u>Id.</u>).

On June 3, 2011, Plaintiff claims he called Agent Libatique. (<u>Id.</u> at 5b). After Plaintiff identified himself to Agent Libatique, Plaintiff alleges Agent Libatique "went ballistic, issuing several threats and retaliatory actions." (<u>Id.</u>). Plaintiff alleges Agent Libatique stated, "[y]ou better sign the wavier and take whatever the

1  BPH [] offers you.  I'm like a robot.  If you make me go to the hearing,
2  I'm gonna [sic] make sure you get a year in prison." (Id.).  Plaintiff
3  claims Agent Libatique's actions violated Plaintiff's rights under the
4  First Amendment, as well as 42 U.S.C. § 1983 and § 1985.  (Id.).

6       Plaintiff alleges the Defendants, "through and by their actions,
7  have violated Plaintiff's constitutional rights to access to the courts,
8  to redress of grievances, retaliation and threats of retaliatory
9  actions." (Id.).  As a result of Defendants' conduct, Plaintiff also
10 alleges Defendants "violated Plaintiff's federally protected rights to
11 file habeas corpus, grievances, litigate pending case(s), and file this
12 case." (Id.).

14      Plaintiff seeks compensatory damages in the amount of $10,000.00
15 against each Defendant as to Plaintiff's first three claims.  (Id. at
16 6).  Plaintiff also seeks punitive damages against each Defendant in the
17 amount of $25,000.00 as to Plaintiff's first three claims.  (Id.).
18 Plaintiff further seeks compensatory damages against Defendant Agent
19 Libatique, in the amount of $25,000.00 as to Plaintiff's fourth and
20 fifth claims. (Id.)  Finally, Plaintiff seeks punitive damages against
21 Defendant Agent Libatique, in the amount of $50,000.00 as to Plaintiff's
22 fourth and fifth claims, as well as any relief "the Court deems just and
23 equitable."  (Id.).

# III.

# DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading. <u>Pro se</u> litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. <u>See</u> <u>Lopez</u>, 203 F.3d at 1128-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.   To The Extent Plaintiff Is Attempting To State A Civil Rights Claim Against Parole Agents For The Denial Of Parole, Such A Claim Is Barred By The Heck Doctrine**

Plaintiff names as defendants certain "parole agents" who apparently were involved in proceedings that led to the revocation of Plaintiff's parole. Specifically, Plaintiff claims that parole agents and California Department of Corrections Officials Libatique, Tate, White, and Wagner authorized Plaintiff's arrest and subsequent incarceration at the Los Angeles County Jail. (Complaint at 5). Although Plaintiff's allegations are confusing, it appears that he may be complaining that parole officers engaged in civil rights violations that led to Plaintiff's parole revocation. (<u>See</u> Complaint at 5a-5b). Because Plaintiff's civil rights claim essentially attacks the outcome of his parole proceeding, his action is barred by the doctrine announced in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In <u>Heck</u>, the Supreme Court held:

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalided is not cognizable under § 1983.

<u>Heck</u>, 512 U.S. at 486-87 (emphasis in original) (footnote omitted).

Under <u>Heck</u>, a § 1983 complaint must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. <u>Id.</u> at 487; <u>see also</u> <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1013 (9th Cir. 2000) (citing <u>Heck</u>). Here, Plaintiff contends that the revocation of his parole was based upon "special conditions" which Plaintiff would have challenged in state court had Plaintiff been able to access the proper forms. (Complaint at 5a). To the extent Plaintiff wishes to challenge the revocation of parole, he cannot do so in a civil rights action. <u>See</u> <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 challenge to validity of parole denial is barred by <u>Heck</u>). Accordingly, to the extent

Plaintiff is attempting to sue parole agents Libatique, Tate, White, and Wagner for their conduct relating to the denial of parole, such claims are barred.

### B. To The Extent Plaintiff Is Attempting To State A Claim For Denial Of Access To The Courts, His Complaint Fails To State A Claim

Plaintiff alleges he was without access to CDCR and BPH grievance forms, the courts, law libraries, legal documents and copying services. (Complaint at 5). Access to the law library or to legal assistance are not ends in themselves. They are only relevant as they pertain to Plaintiff's right to have a "reasonably adequate opportunity to present claimed violations of constitutional rights to the courts," i.e., have access to the courts. Lewis v. Casey, 518 U.S. 343, 350-51, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 825, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977)). In other words, the Constitution does not require that prisoners be able to conduct generalized research, but only that they be able to "present" their grievances to the courts. Lewis, 518 U.S. at 359; see also Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).

"To have standing to assert a claim of denial of access to the courts, an inmate must show 'actual injury.' In order to establish actual injury, the inmate must demonstrate that official acts or omissions 'hindered his efforts to pursue a [nonfrivolous] legal claim.'" Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (quoting Lewis, 518 U.S. at 351, 353; citations omitted), vacated on other grounds, 129 S. Ct. 1036, 173 L. Ed. 2d 466 (2009).

1   In this case, Plaintiff has not shown that the periodic denial of
2 access to the library or to grievance forms infringed on his right to
3 an adequate opportunity to present his claims. Plaintiff has failed to
4 show how the alleged denial of access for a fifty day period caused any
5 injury. He has not shown an "actual injury" by demonstrating that the
6 denial of access to the law library, or legal forms has hindered his
7 efforts to pursue a legal claim. See Lewis, 518 U.S. at 351. Thus his
8 right of access to the courts has not been violated. This claim is
9 dismissed with leave to amend.
10
11 **C.   The Claims Against Officer Wagner, Sheriff Baca And Secretary Cate**
12 **Fail Because Plaintiff Has Failed To Show Personal Participation**
13 **In The Civil Rights Violations**
14
15   The Complaint names as defendants Officer Wagner, Sheriff Baca and
16 Secretary Cate. (Complaint at 3-3a, 5-5a). However, Plaintiff's
17 Statement of Claims does not include any specific allegations involving
18 these Defendants. Plaintiff must establish that Defendants had personal
19 involvement in the civil rights violations or that their action or
20 inaction caused the harm suffered. Starr v. Baca, ___ F.3d ___, 2011
21 WL 2988827 at *2 (9th Cir. July 25, 2011). Plaintiff has failed to make
22 any specific allegations concerning Officer Wagner's role in Plaintiff's
23 alleged deprivation of access to habeas corpus, civil rights forms, and
24 the courts. In addition, Plaintiff's Complaint fails to show how any
25 of these Defendants personally participated in any constitutional
26 violation or caused the harm in some way, and must, therefore, be
27 dismissed with leave to amend.
28 \\

1 **D.     Plaintiff's Allegations Fail To State A Claim For Retaliation**

3    Plaintiff alleges Agent Libatique issued several threats and "retaliatory actions," after Plaintiff called Agent Libatique and identified himself on June 3, 2011. (Complaint at 5b). The Ninth Circuit has set forth the minimum pleading requirements for a § 1983 claim alleging that prison employees have retaliated against an inmate for exercising a First Amendment right:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). These criteria require that the prisoner establish a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807-08 (9th Cir. 1995).

   The Court notes it is not clear from the present allegations that Plaintiff truly engaged in protected conduct. See Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 129, 132, 97 S. Ct. 2532, L. Ed. 2d 629 (1977) ("In a prison context, an inmate does not retain those First Amendment rights that are 'inconsistent with his status as

a prisoner or with the legitimate penological objectives of the corrections system.'"). Plaintiff fails to specifically identify the protected conduct he engaged in that preceded the retaliatory conduct. Regardless, Plaintiff has failed to allege that Defendants' alleged actions chilled the exercise of his First Amendment rights. Therefore, this claim is dismissed. Again, Plaintiff is granted leave to amend to correct the deficiencies noted above, if such correction is possible.

**E.   Individual Defendants Are Immune From Suit In Their Official Capacity**

In his Complaint, Plaintiff seeks to sue Defendants Agent Libatique, Secretary Cate, Officer Wagner, Sheriff Baca, Agent White, and Agent Tate in their official capacities. (Complaint at 3-3a). These Defendants are immune from suit in their official capacities, however. Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (Eleventh Amendment bars civil rights suit against state officials in their official capacities). As such, the "official capacity" allegations are defective and must be dismissed. If Plaintiff intends to proceed with this action, he may only sue these individual state actors under § 1983 in their individual capacities.

**F.   The Court Cautions Plaintiff That If Challenged, It Is Possible That The Complaint Will Be Dismissed For Plaintiff's Failure To Exhaust**

Plaintiff admits in the Complaint that Plaintiff has yet to file a grievance concerning the facts at issue at the institution where the

events occurred. (Complaint at 2). Although Plaintiff claims there are no grievance procedures available at the particular institution, this allegation may be disproved by Defendants if such procedures do, in fact, exist.

Plaintiff must exhaust available remedies before proceeding in federal court. "The Prison Litigation Reform Act of 1995 [(the 'PLRA')] amended 42 U.S.C. § 1997e(a), which now requires a prisoner to exhaust such administrative remedies as are available before suing over prison conditions." Booth v. Churner, 532 U.S. 731, 733-34, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001) (internal quotation marks omitted). Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Id. at 741. Furthermore, a prisoner does not satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 83-84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). It is the prison's requirements, not the PLRA, that define the boundary of proper exhaustion. Jones v. Bock, 549 U.S. 199, 218, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). A prisoner must exhaust all of his administrative remedies prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

The PLRA exhaustion requirement is not jurisdictional, but rather creates an affirmative defense that a defendant may raise in an unenumerated Rule 12(b) motion. Jones, 549 U.S. at 216-17; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Specifically, the defendant must show that some

12

administrative relief remains available to the plaintiff "whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). When a prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120. Dismissal of the entire complaint is not required when a prisoner has exhausted some, but not all, of the claims included in the complaint. Jones, 549 U.S. at 222-24.

In California, state prisoners "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). An informal complaint is a prerequisite to all further administrative review. Cal. Code Regs. tit. 15, § 3084.2(b). To lodge an informal complaint, a prisoner must submit a "CDC Form 602" describing the problem and the action requested. Cal. Code Regs. tit. 15, § 3084.2(a). The levels of review are as follows: (1) informal resolution; (2) first formal level; (3) second formal level (conducted by the institution head); and (4) third formal level (conducted by a designated representative of the Director of the California Department of Corrections and Rehabilitation under supervision of the Chief of Inmate Appeals). Cal. Code Regs. tit. 15, § 3084.1(a).

Again, the Court notes that Plaintiff admits he has failed to exhaust administrative remedies. (Complaint at 2). The Court does not dismiss the Complaint at this time for Plaintiff's admitted failure to exhaust, but cautions Plaintiff that if Defendants are eventually served

with the Complaint and if Defendants respond by moving to dismiss for Plaintiff's failure to exhaust, it is possible the Complaint will be dismissed at that time.

## IV.
## CONCLUSION

For the reasons stated above, Plaintiff's Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint. Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support his

claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience</u>.**

DATED: September 9, 2011

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE