I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL Plaintiff
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 10·20·11

DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 20 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSVALDO R. GONZALEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>M. LIBATIQUE et al.,<br><br>    Defendants. | Case No. CV 11-6876-ABC (JPR)<br><br>ORDER RE DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE |

On September 2, 2011, Plaintiff (who then was incarcerated at North Kern State Prison in Delano, California) filed a pro se civil rights action after being granted leave to proceed in forma pauperis. After screening Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A(b) as well as 42 U.S.C. § 1997e(c)(1), the previously assigned Magistrate Judge issued a Memorandum and Order on September 9, 2011, dismissing Plaintiff's Complaint with leave to amend. If Plaintiff desired to pursue this action, he was ordered to file a First Amended Complaint within 30 days, remedying the deficiencies discussed in the Order. The Order expressly admonished Plaintiff that if he failed to timely file a First Amended Complaint, the action would be subject to dismissal with prejudice on the grounds set forth



ENTERED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 20 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

1 therein and for failure to diligently prosecute. The Order was
2 served the same day on Plaintiff by mail at his North Kern State
3 Prison address of record.[1] On September 21, 2011, the Order was
4 returned undelivered by the Postal Service. On the envelope was
5 a Postal Service label stating: "Return to Sender."

6     On September 30, 2011, the Court issued a Minute Order
7 notifying Plaintiff that the Court's previous Order had been
8 returned undelivered and ordering Plaintiff to notify the Court
9 of his current address and telephone number within 14 days of the
10 date of the Minute Order. The Minute Order expressly cautioned
11 Plaintiff that his failure to respond would subject this action
12 to dismissal with prejudice under Federal Rule of Civil Procedure
13 41(b) for Plaintiff's failure to prosecute. A copy of the
14 September 9, 2011 Order dismissing the complaint with leave to
15 amend was also attached to the Minute Order.

16     The Minute Order was served on Plaintiff by mail on
17 September 30, 2011, at his North Kern State Prison address of
18 record. The Minute Order was returned undelivered by the Postal
19 Service on October 11, 2011. On the envelope was a Postal
20 Service label stating: "Return to Sender."

21     Central District of California Local Rule 41-6 provides as
22 follows:

23 > DISMISSAL - FAILURE OF PRO SE PLAINTIFF TO KEEP COURT
24 > APPRISED OF CURRENT ADDRESS. A party proceeding pro se
25 > shall keep the Court and opposing parties apprised of

---

27 [1] The Court has searched for Plaintiff on the California
28 inmate locator, http://inmatelocator.cdcr.ca.gov, but there does not appear to be any listing for Plaintiff.

2

such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Here, Plaintiff has failed to notify the Court of his current address within 15 days of the service date of the undelivered September 9, 2011 Order described above, as required by Local Rule 41-6. His failure to keep the Court apprised of his current address renders this case indistinguishable from Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). There, in affirming the district court's dismissal of a case for failure to prosecute, the Ninth Circuit observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the Plaintiff's own fault, to contact the Plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."

In Carey, the Ninth Circuit cited the following factors as relevant to a determination of when to dismiss a pro se plaintiff's action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic

sanctions." Id. at 1440.  Here, the Court finds that the first, second, and fifth Carey factors militate in favor of dismissal. While the third and fourth Carey factors do not militate in favor of dismissal, the Court has concluded that the other three factors in this instance outweigh the third and fourth factors.

It therefore is ORDERED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b), Local Rule 41-6, and the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute.  See also Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: Oct 18, 2011

AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

Presented by:

Jean P. Rosenbluth
United States Magistrate Judge